# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

TRIVIDIA HEALTH, INC.,

      Petitioner,

v.

NIPRO CORPORATION,

      Respondent.

CASE NO: 20-cv-08450-VEC

___

## PETITIONER'S MOTION FOR TURNOVER ORDER
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 69 and New York CPLR § 5225(a), Petitioner Trividia Health, Inc. ("Trividia") respectfully moves this Court to direct the turnover of certain assets of Nipro Corporation ("Nipro")[1] and, as support, states as follows:

### FACTUAL BACKGROUND

1. The genesis of this dispute stems from an arbitration award of $21,668,302.30 in favor of Trividia entered by the International Chamber of Commerce in September 2020. [DE 1].[2]

2. Seeking to recognize the non-domestic judgment, Trividia filed a petition in this Court to confirm the award. [DE 1].

3. On December 10, 2021, this Court, notwithstanding Nipro's opposition to the petition, confirmed the award. [DE 30 at 8]

---

[1] Along with this motion, Trividia will concurrently file a "Motion for Order to Show Cause" asking this Court to issue an order to show cause why a receiver should not be appointed to hold a public sale of the assets that Trividia is seeking by this motion to be turned over the U.S. Marshall's Office.

[2] For purposes of brevity, Trividia will only recount the facts necessary to sustain this motion.

4. Three days later, the Clerk of Court entered judgment in favor of Trividia. [DE 31].

5. Nipro did not appeal that decision, and the time to appeal has since expired. [*See* Dkt.]; *see also* Exhibit A (Clerk's certification of a judgment to be registered in another district).

6. To date, the judgment remains outstanding, and Nipro has been unwilling to pay any part of the judgment.[3]

7. Trividia must therefore resort to post-judgment collection procedures to recover the debt.

8. In anticipation of post-judgment collection, Trividia learned through Nipro's own news release that Nipro has a subsidiary holding company called Nipro Holding Americas, Inc. ("NHA") and that Nipro has a 100% stock ownership interest in NHA. https://www.nipro.co.jp/en/news/document/220111.pdf (last visited Apr. 5, 2022). NHA, in turn, has a 100% stock ownership in several other companies, including Nipro Medical Corporation, Avantec Vascular Corporation, Infraredx, Inc., New England Cell Therapeutics, Inc., Nipro Medical Ltda., Salbego Laboratorio Farmaceutico Ltda., and Nipro PharmaPackaging Americas Corp. *Id.*

9. Thus, Nipro possesses or is in custody of the stock certificates of NHA, a Delaware corporation, which is based in Miami. *See* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityNam

---

[3] This is even more egregious given that Nipro has the monetary means to easily satisfy the judgment. According to its latest investor relations materials, Nipro is a multi-national corporation that generates millions of dollars (or billions measured in Japanese currency) in revenue per year. *See Nipro Corporation IR Materials (Feb. 8, 2022)*, https://www.nipro.co.jp/en/ir/library/document/69th_third/ir_materials.pdf (last visited Apr. 7, 2022).

e&directionType=Initial&searchNameOrder=NIPROHOLDINGAMERICAS%20F210000049250&aggregateId=forp-f21000004925-962617b0-e3a0-4959-ac49-bca53cd8554c&searchTerm=nipro%20holding&listNameOrder=NIPROHOLDINGAMERICAS%20F210000049250 (last visited Apr. 12, 2022).

## ARGUMENT

10. Trividia brings this motion under Federal Rule of Civil Procedure 69(a)(1), which provides that "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."

11. Given that this Court sits in New York, New York's post-judgment procedures are applicable.

12. Article 52 of New York's Civil Practice Law and Rules governs the enforcement and collection of money judgments in New York. *See* N.Y. C.P.L.R. §§ 5201-53. Section 5201 provides that "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment." N.Y. C.P.L.R. § 5201(b). Such property need not be located in New York; "a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property" if the defendant "is a judgment debtor or a garnishee." *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541 (2009). And "[w]here property . . . is evidenced by a negotiable instrument for the payment of money, a negotiable document of title or a certificate of stock of an association or corporation, the instrument, document or certificate shall be treated as property capable of delivery and the person holding it shall be the garnishee." N.Y. C.P.L.R. § 5201(c)(4).

13. Section 5225(a) allows for a judgment creditor to recover property in the possession of the judgment debtor. It reads: "Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court *shall order* that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff." N.Y. C.P.L.R. § 5225(a) (emphasis added). Section 5225(a)'s use of "shall" conveys the mandatory nature of a turnover order. *In re Sonera Holding B.V.*, No. 11CV08909 DLC FM, 2013 WL 4405382, at *4 (S.D.N.Y. Apr. 18, 2013), *vacated on other grounds by* 750 F.3d 221 (2d Cir. 2014).

14. Thus, to obtain a turnover order against a judgment a debtor, a judgment creditor must show that "the judgment debtor is in possession or custody of money or other personal property in which he has an interest." N.Y. C.P.L.R. § 5225(a).[4] "After making this showing, 'the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor.'" *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 CIV. 8406 (JPC), 2021 WL 2555636, at *5 (S.D.N.Y. June 22, 2021) (quoting N.Y. C.P.L.R. § 5225(a)).

15. "CPLR § 5225(a) can even be used where the judgment debtor is in the state but the property the judgment debtor controls is outside. If the judgment debtor has control of the

---

[4] Although section 5225(a) prescribes the form of service for a motion for turnover, N.Y. C.P.L.R. § 5225(a), a judgment creditor can satisfy the service requirements through any of the permitted forms of service allowed under Federal Rule of Civil Procedure 5. *See Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds by Picani v. CRL Transportation, Inc.*, No. 18-CV-2056 (KMK), 2020 WL 3619048, at *8 n.6 (S.D.N.Y. July 2, 2020).

property, wherever it is, and the court has personal jurisdiction over the judgment debtor, the court can compel the judgment debtor to deliver that property." *Practice Commentaries*, N.Y. C.P.L.R. § 5225.

16. Because "corporate shares constitute personal property subject to [New York's] enforcement procedures," a court may order a judgment debtor to turnover stock in which it has an interest in, so long as the judgment creditor can show that the judgment debtor owns the stock. *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*, 112 N.Y.S.3d 868 (N.Y. Sup. Ct. 2018). Regardless of location of the stock certificates, a judgment debtor will be compelled to turn over the stock. *Id.* The judgment creditor may even be forced to reissue stock to the judgment debtor. *Id.*[5]

17. Here, Nipro owns all interest in NHA,[6] as demonstrated by Nipro's own news release which explains the ownership of the different Nipro related companies. *See* https://www.nipro.co.jp/en/news/document/220111.pdf (last visited Apr. 5, 2022). Because Trividia has shown that Nipro is in possession or custody of the stock certificates of NHA in which

---

[5] In addition, under New York law, a "court may order any person to execute and deliver any document necessary to effect payment or delivery." N.Y. C.P.L.R. § 5225(c); *see, e.g.*, *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 35 (N.Y. Sup. Ct. 2007) (finding that the judgment debtor, under § 5225(c), should be ordered to execute appropriate documents transferring ownership interests in its subsidiaries and affiliates); *Jack London Prods., Inc. v. Samuel Bronston Prods., Inc.*, 22 A.D.2d 870 (N.Y. Sup. Ct. 1964) (holding that respondent judgment debtor should be required to "execute appropriate instruments enabling the sheriff to realize on respondent's right, title and interest in" various stocks).

[6] Even if it were later discovered that Nipro owns less than 100% interest in Nipro Holding Americas, that interest would still nonetheless be subject to a turnover order. *See P-C Palladio, LLC v. Nassi*, No. 13 MC. 234 JMF, 2014 WL 584315, at *6 (S.D.N.Y. Feb. 14, 2014) ("Whether Judgment Debtor is the 100% owner of each item in the art collection is irrelevant, as Rule 5225(a) requires turnover of any assets in which a judgment debtor has 'an interest.'"); *see also Signature Bank v. HSBC Bank USA, N.A*, 889 N.Y.S.2d 242, 244 (2d Dep't 2009) ("Even jointly owned assets are vulnerable to levy by a judgment creditor pursuant to CPLR 5225.").

Nipro has an interest in, Trividia is entitled to an order directing Nipro to turn over its stock certificates in NHA.

**WHEREFORE**, Petitioner Trividia Health, Inc., having satisfied the single requirement necessary to effectuate a turnover of Nipro Corporation's ownership of its stock certificates in Nipro Holding Americas, Inc., respectfully requests that the Court enter an order pursuant to CPLR § 5225(a), (c) that:

(a) directs Nipro Corporation to turn over its stock ownership in Nipro Holding Americas, Inc. to the U.S. Marshall's Office;[7]

(b) in the event such certificates are missing or unavailable, directs Nipro Corporation to execute and deliver to the U.S. Marshall's Office replacement stock certificates, a lost stock affidavit, or any other instrument necessary to effectuate delivery of the Nipro Holding Americas, Inc. stock;

(c) directs Nipro Corporation to execute and deliver to the U.S. Marshall's Office all documents necessary to effectuate the turnover of the stock certificates in Nipro Holding Americas, Inc.; and

(d) awards Trividia Health, Inc. such other and further relief as this Court deems just and proper.[8]

Dated: April 19, 2022                                Respectfully submitted,

                                                            S/<u>Sigrid McCawley</u>

---

[7] In federal court, in lieu of turning over property to the Sheriff, the judgment debtor can be instructed to turn over property to the U.S. Marshall's Office. *See Am. Honda Fin. Corp. v. Route 57 Dev., LLC*, No. 713CV0260GTSATB, 2016 WL 843377, at *19 (N.D.N.Y. Mar. 1, 2016); *see also GE Com. Distribution Fin. Corp. v. Caskinette Auto Sales, Inc.*, No. 7:09-CV-82, 2009 WL 455425, at *1 (N.D.N.Y. Feb. 23, 2009); *Roberts v. E.R. Squibb & Sons, Inc.*, 567 F. Supp. 8, 9 (N.D.N.Y. 1982).

[8] A proposed order is attached to this motion as Exhibit B.

Sigrid McCawley, Esq.
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: smccawley@bsfllp.com

Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
Email: avillacastin@bsfllp.com

*Counsel for Petitioner*