```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  TRIVIDIA HEALTH, INC.,                       :
                                               :
                              Petitioner,      :
                                               :
              -against-                        :     20-CV-8450 (VEC)
                                               :
  NIPRO CORPORATION,                           :         ORDER
                                               :
                              Respondent.      :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  5/16/22

VALERIE CAPRONI, United States District Judge:

On September 18, 2020, after an arbitration proceeding that spanned three years, an arbitral tribunal of the International Chamber of Commerce ("ICC") issued a Final Award determining that Respondent Nipro Corporation ("Nipro") had breached an agreement with Petitioner Trividia Health, Inc. ("Trividia"), and awarding Petitioner, taking into account the interest that has since accrued, $21,668,302.30 in damages and legal costs. McCawley Decl., Ex. A, Dkt. 2-1; Pet., Dkt. 1 ¶ 22. On October 9, 2020, Trividia moved to confirm the non-domestic arbitration award. *See generally* Pet., Dkt. 1. On December 10, 2021, this Court granted Trividia's motion. Op. & Order, Dkt. 30 at 1, 8. Trividia now moves for an entry of an order requiring Respondent to turn over its stock certificates, *see* Not. of Mot., Dkt. 43, and for an order directing Nipro to show cause within 20 days why a receiver should not be appointed to hold a public sale of Nipro's assets in order to pay the Court-ordered judgment, *see* Not. of Mot., Dkt. 45. Nipro opposes the motion for turnover on procedural grounds — namely, that Trividia did not effect service properly under New York law. Resp. Opp., Dkt. 48 at 1. Nipro's argument — a last-ditch effort to avoid paying a judgment that has now been entered against it twice — is baseless, and Trividia's motions are therefore GRANTED.

1

Nipro argues that, pursuant to New York law, Trividia had to serve its turnover motion "in the same manner as a summons or by registered or certified mail, return receipt requested." Resp. Opp. at 1–2 (citing CPLR § 5225(a)). Because Trividia failed to do so, according to Nipro, the proceeding is jurisdictionally defective. *Id.* at 2 (citations omitted). Nipro also notes that Trividia cannot rely on the Court's prior order allowing alternative service as a basis for serving its turnover motion in the manner that it did. *Id.* at 3–4.

Trividia need not rely on any prior Court orders; it can rely instead on the Federal Rules of Civil Procedure. Trividia's motion is brought pursuant to Federal Rule of Civil Procedure 69, which specifies that the procedure for executing a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Regardless of whether Nipro has consented to service via filing on the Docket, Pet. Reply, Dkt. 49 at 2–3, to the extent that New York law cabins the possible methods of effecting service beyond what the Federal Rules allow, the Federal Rules of Civil Procedure govern. *Hanna v. Plumer*, 380 U.S. 460, 474 (1965). Thus, so long as Trividia served Nipro in an appropriate manner under Federal Rule of Civil Procedure 5, service was proper. *Teamsters Loc. 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds by Picani v. CRL Transp., Inc.*, No. 18-CV-2056, 2020 WL 3619048, at *8 n.6 (S.D.N.Y. July 2, 2020) (citations omitted).

Because Trividia properly served Nipro, the Court grants both of Trividia's motions. The Clerk of Court is respectfully directed to close the open motions at Dockets 43 and 45.

**SO ORDERED.**

**Date: May 16, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**