**ReedSmith**
Driving progress
through partnership

**MEMO ENDORSED**

**Steven Cooper**
Direct Phone: +1 212 205 6027
Email: scooper@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/22
```

May 26, 2022

**By ECF**

The Honorable Valerie E. Caproni
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

**Re: Trividia Health, Inc. v. Nipro Corp., No. 1:20-cv-08450-VEC (S.D.N.Y.)**

Dear Judge Caproni,

We are counsel to Respondent, Nipro Corporation ("Nipro"), in the above-captioned matter and write respecting the Turnover Order, Dkt. No. 50, and the Show Cause Order, Dkt No. 51 of this Court.

We write the court to notify it that on May 25, 2022, Nipro wired $21,668,302.30 to Trividia Health, Inc. ("Trividia") in satisfaction of the arbitration award rendered on September 18, 2020, and confirmed on December 10, 2021. A judgment was entered against Nipro in this amount on December 13, 2021 (the "Judgment").

On May 25th, after initiation of the wire, we asked counsel for Trividia to agree to a stay of the enforcement proceedings pending receipt of the wire. On May 26, 2022, Trividia confirmed receipt of the wire, and consented to a stay on the condition that it not affect the pending motion concerning interest and attorneys' fees, and other amounts that may be sought, discussed below.

On May 26, 2022, once receipt of the payment was confirmed by Trividia, Nipro requested that Trividia file a Notice of Partial Satisfaction of Judgment respecting the payment of the arbitration award. In its email to Trividia, Nipro expressly stated that the partial satisfaction of judgment would not impact Trividia's pending motion for interest and fees (Dkt. Nos. 32, 33, 34, 36, 37, and 38, as well as Trividia's Response to the Court's Order, Dkt. No. 39). Nor would a partial satisfaction of judgment affect any purported entitlement of Trividia to seek legal fees and costs incurred with the restraining notice, Dkt. No. 40; motion for turnover, Dkt. No. 43; and a motion for a show cause order, Dkt. No. 45.[1]

Trividia responded the same day indicating that it needed more time to express its position, to which Nipro does not object. Trividia asked that its response be included "verbatim." The email correspondence is attached.

Accordingly, Nipro respectfully requests that the Court stay of the Turnover Order, Dkt. No. 50, and the Show Cause Order, Dkt No. 51, in light of the $21,668,302.30 payment, and Trividia's consent.

---

[1] Nipro reserves all rights to dispute any such applications.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-167265671.1-ZBKAYE 05/26/2022 6:10 PM

The Honorable Valerie E. Caproni
May 26, 2022
Page 2



Nipro reserves the right to seek to have the Court relieve Nipro from the Judgment, pursuant to Federal Rule of Civil Procedure 60(b), in the event that Trividia indicates that it will not file a Notice of Partial Judgment. Such relief would not affect Trividia's ability to seek interest, fees, and costs that are separate from the confirmed award.

Respectfully submitted,


/s/ Steven Cooper
Steven Cooper

SC:ag

> Application GRANTED.  The Court's orders at Dockets 51 and 52 are hereby STAYED.
> SO ORDERED.
>
> *[signature: Valerie Caproni]*
> 5/27/22
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE