UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  TRIVIDIA HEALTH, INC.,                    :
                                                                 Petitioner,    :
                                             -against-                  :
  NIPRO CORPORATION,                       :
                                                 Respondent. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/31/22

20-CV-8450 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      On September 18, 2020, after an arbitration proceeding that spanned three years, an arbitral tribunal of the International Chamber of Commerce ("ICC") issued a Final Award determining that Respondent Nipro Corporation ("Nipro") had breached an agreement with Petitioner Trividia Health, Inc. ("Trividia"), and awarding Petitioner, taking into account the interest that has since accrued, $21,668,302.30 in damages and legal costs. McCawley Decl., Dkt. 2-1, Ex. A; Pet., Dkt. 1 ¶ 22. On October 9, 2020, Trividia moved to confirm the non-domestic arbitration award. *See generally* Pet., Dkt. 1. On December 10, 2021, this Court granted Trividia's motion. Order, Dkt. 30 at 1, 8.[1] Trividia now moves for an entry of an order awarding attorney's fees, costs, and interest pursuant to Federal Rule of Civil Procedure 54(d)(2). *See generally* Not. of Mot., Dkt. 32. For the reasons that follow, Trividia's motion is GRANTED in part.

---

[1] The Court thereafter granted Trividia's motion for an entry of an order requiring Nipro to turn over certain assets and to show cause why a receiver should not be appointed to hold a public sale of Nipro's assets in order to satisfy the Court-ordered judgment. *See* Order, Dkt. 50.

## BACKGROUND

The Court assumes the parties' familiarity with the case and refers readers to its prior order for a discussion of the underlying facts. *See* Order, Dkt. 30 at 1–2. By this motion, Trividia seeks roughly $225,000 in attorneys' fees and costs incurred in confirming the arbitration award; post-award, pre-judgment interest on the underlying amount awarded at the New York statutory rate of 9 percent per annum; and post-judgment interest at the specified federal rate. Pet. Mem., Dkt. 33 at 1–2, 6; McCawley Decl., Dkt. 38-1, Ex. 1.[2] Nipro opposes the motion, except as to an award of post-judgment interest. *See generally* Resp. Opp., Dkt. 36.

## DISCUSSION

**I.   Legal Standard**

"Under New York law, parties may contract for the indemnification of attorneys' fees and expenses." *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 341 (S.D.N.Y. 2018), *aff'd*, 802 F. App'x 28 (2d Cir. 2020) (citation omitted). Should parties contract for indemnification of attorneys' fees and expenses, determining the reasonableness of those fees is committed to the discretion of the Court. *Id.* Similarly, awarding post-award, pre-judgment interest is within the discretion of the Court. *Three Brother Trading, LLC v. Generex Biotech. Corp.*, No. 18-CV-11585, 2020 WL 1974243, at *12 (S.D.N.Y. Apr. 24, 2020) (citations omitted). Finally, federal law mandates the award of post-judgment interest at a specified rate. 28 U.S.C. § 1961(a); *N.Y. Hotel & Motel Trades Council, AFL-CIO v. Stanford N.Y.*, No. 21-CV-2012, 2021 WL 1851998, at *5 (S.D.N.Y. May 10, 2021).

---

[2]   Petitioner originally sought over $230,000 in attorneys' fees but reduced the amount requested after Respondent filed its opposition. McCawley Decl., Dkt. 38 ¶ 3; McCawley Decl., Dkt. 38-1, Ex. 1.

## II.     Trividia Is Entitled to Attorneys' Fees and Costs in the Amount of $163,586.06

### A. The Parties Contracted for the Indemnification of Attorneys' Fees

Trividia argues that the parties' International Distribution Agreement ("IDA") expressly provides for an award of attorneys' fees. Pet. Mem. at 2. Respondent disagrees. Resp. Opp. at 5. The IDA provides: "If any legal action, arbitration, proceeding, hearing, or motion is brought by any party to this Agreement to enforce the terms and conditions of this Agreement, whichever party shall prevail shall be entitled to an award of reasonable attorneys' fees, paralegal fees, costs, and expenses." McCawley Decl., Dkt. 2-2, Ex. B at 12 (IDA).

Respondent argues that the IDA's provision regarding attorneys' fees and costs pertains only to the arbitration proceeding, because that was the action "to enforce the terms and conditions of" the IDA. Resp. Opp. at 5. In support of its argument, Nipro points to cases in which courts in this District have held that attorneys' fees were recoverable based on contracts that referred more explicitly to enforcing a final award. *Id.* at 5–6 (citations omitted).[3] This argument is unavailing. A logical reading of the language in the IDA indicates that enforcing its terms and conditions includes confirming an arbitration award arising out of a party's failure to comply with the terms and conditions of the IDA. And, as Trividia points out, because the IDA allows a party to enforce the decision of an arbitration tribunal in any court of competent jurisdiction, McCawley Decl. Ex. B at 12, seeking enforcement of a final award is part and parcel of enforcing the terms and conditions of the IDA. Pet. Reply, Dkt. 37 at 2. Trividia is therefore entitled to attorneys' fees and expenses.

---

[3]     Nipro does not, however, cite to any cases in which a court in this District construed language similar to that in the IDA to mean that the prevailing party was not entitled to indemnification of fees incurred in confirming the arbitration award.

### B. Most of Trividia's Requested Fees and Expenses Are Reasonable

Nipro argues that Trividia has not met its burden to show that the fees and expenses sought are reasonable, in part because the hourly rates of Trividia's lawyers are high, and in part because the billing information initially provided was heavily redacted. Resp. Opp. at 7–9.[4] Having reviewed Trividia's unredacted invoices, which bill to the tenth of the hour, the Court disagrees with Nipro's assessment as to Trividia's hourly rates, but agrees more globally that the overall fees requested are higher than is reasonable. Although the attorneys' hourly rates in this case were undeniably high, *id.* at 7, they are not very different from Nipro's own attorneys' hourly fees. Pet. Reply at 4 (citations omitted). Courts in this District have awarded hourly rates higher than Petitioner's counsel seeks for partners at prominent firms in New York. *See, e.g.*, *Vista Outdoor, Inc. v. Reeves Family Trust*, No. 16-CV-5766, 2018 WL 3104631, at *6–7 (S.D.N.Y. May 24, 2018) (awarding partner rate of $1,260). Because the hourly rates requested by Trividia's counsel are not outside the norm for comparable attorneys and firms, the Court finds them to be reasonable.

Where the Court takes issue with counsel's invoices is the number of hours counsel purportedly spent on legal work that should not require nearly the amount of time expended. For instance, in the month of October 2020, counsel spent an aggregate of 58.6 hours reviewing issues related to the enforcement of the final award; drafting the petition to confirm the arbitration award; reviewing relevant precedent; and determining the appropriate method for

---

[4] Trividia provided revised invoices with fewer redactions after Nipro filed its opposition. Pet. Reply at 3. In addition, the Court ordered Trividia to provide the Court with unredacted copies, which it did. *See* Order, Dkt. 39.

effecting service. McCawley Decl., Dkt. 38-1, Ex. 1 at 11–17. This combined effort resulted in an eight-page petition. *See* Pet., Dkt. 1.

Courts in this Circuit have the "authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656–57 (S.D.N.Y. 2019) (collecting cases). Instead of crediting Trividia's counsel with fees based on an hourly rate, the Court finds it appropriate to reduce the number of hours expended by each individual employed by counsel by 25 percent. Reducing the total credited hours by 25 percent at the rates provided (including the two separate rates charged for work done by Sigrid McCawley and John Gerardi), *see* McCawley Decl., Dkt. 38-1, Ex. 1 at 4, 10, 20, 32, 40, 46, 51, 57, 65, 70, yields a total value of $163,164.75.[5]

Because Trividia provided revised invoices to Nipro and unredacted ones to the Court, the Court also does not credit Nipro's argument that there is insufficient information for the Court to review adequately the reasonableness of the hours worked. Resp. Opp. at 7–8.

With respect to expenses, the Court declines to award Trividia costs associated with its use of the legal search engine and database Westlaw. Although Westlaw allows attorneys to attribute specific searches to particular clients, in the Court's view, Westlaw is an overhead cost of a law firm, just as law libraries are (or used to be). Removing the costs associated with Westlaw from Trividia's total costs of $12,901.86, *see* McCawley Decl., Dkt. 38-1, Ex. 1 at 2, leads the Court to award a total amount of $421.31 in costs. Therefore, in sum, Trividia is awarded $163,586.06 in fees and costs.

---

[5] To arrive at this number, the Court reduced the hours expended by each employee listed on counsel's invoices by 25 percent and multiplied those hours by the rates provided, excluding work done by Victoria Scordato, for which counsel did not charge. *See* McCawley Decl., Dkt. 38-1, Ex. 1 at 65, 70.

### III.     Trividia Is Entitled to Post-Award, Pre-Judgment Interest

Whether to award pre-judgment interest and at what rate is committed to the sound discretion of the Court.  *See*, *e.g.*, *Sarhank Grp. v. Oracle Corp.*, No. 01-CV-1285, 2004 WL 324881, at *4 (S.D.N.Y. Feb. 19, 2004).  "Absent persuasive argument to the contrary, post-award, prejudgment interest is available for judgments rendered under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards] and is presumed to be appropriate."  *Al Maya Trading Establishment v. Glob. Exp. Mktg. Co.,* No. 16-CV-2140, 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017) (citation omitted).  Nipro does not contest that Trividia is entitled to post-award, pre-judgment interest; instead, it argues that Trividia should not be awarded interest at the New York State 9 percent per annum rate, instead favoring the federal statutory rate.  Resp. Opp. at 3.

"There is no federal statute that purports to control the rate of prejudgment interest." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000).  Courts "considering an award of pre-judgment interest must select a rate that compensates for the award's diminution in value over time while not overcompensating the petitioner."  *Three Bros. Trading, LLC v. Generex Biotechnology Corp.*, No. 18-CV-11585, 2020 WL 1974243, at *13 (S.D.N.Y. Apr. 24, 2020).  "[T]he Second Circuit has explained that 'the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate.'" *Sarhank Grp.*, 2004 WL 324881, at *5 (quoting *Jones,* 223 F.3d at 139).  These considerations are "the need to compensate fully the Petitioner, considerations of fairness and the relative equities, and the remedial purpose of the Convention."  *Id.*  Courts in the Second Circuit have awarded interest at the post-judgment statutory rate, *see*, *e.g.*, *In Matter of Arb. Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, No. 00-CV-7120, 2001 WL 38282, at *3 (S.D.N.Y. Jan. 16,

6

2001), and under the New York rate, *see, e.g.*, *Al Maya Trading Establishment*, 2017 WL 1050123, at *5. Awarding the 9 percent New York rate "has been described as 'common practice among the courts of this Circuit.'" *Seed Holdings, Inc. v. Jiffy Int'l AS*, 5 F. Supp. 3d 565, 591 (S.D.N.Y. 2014) (citation omitted).

Considering the preference for the 9 percent rate in this Circuit; Nipro's refusal to accept the final award; and Nipro's continued foot-dragging, the Court finds it appropriate to award Trividia the 9 percent rate of post-award, pre-judgment interest.

### IV.    Trividia Is Entitled to Post-Judgment Interest

Because awards of post-judgment interest pursuant to 28 U.S.C. § 1961(a) "are mandatory," *N.Y. Hotel & Motel Trades Council, AFL-CIO*, 2021 WL 1851998, at *5, the Court awards Trividia interest accruing from the date of judgment until Nipro has satisfied the judgment at the federal rate specified in 28 U.S.C. § 1961(a).

### CONCLUSION

For the foregoing reasons, Trividia's motion is GRANTED in part. The Court awards Trividia attorneys' fees and costs in the amount of $163,586.06; post-award, pre-judgment interest at a rate of 9 percent per annum; and post-judgment interest at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close the open motion at Docket 32.

**SO ORDERED.**

Date: May 31, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**