UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

   TRIVIDIA HEALTH, INC.,              :

                                  :

                                  :

                   Petitioner,    :

                                  :

           -against-          :

                                  :

   NIPRO CORPORATION,            :

                                  :

                                  :

                  Respondent.  :

------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:____7/21/22____ |

20-CV-8450 (VEC)

<u>OPINION AND ORDER</u>

VALERIE CAPRONI, United States District Judge:

On September 18, 2020, after an arbitration proceeding that spanned three years, an arbitral tribunal of the International Chamber of Commerce ("ICC") determined that Respondent Nipro Corporation ("Nipro") had breached an agreement with Petitioner Trividia Health, Inc. ("Trividia"), and awarded Petitioner, taking into account the interest that had since accrued, $21,668,302.30 in damages and legal costs.  McCawley Decl., Ex. A, Dkt. 2-1; Pet., Dkt. 1 ¶ 22. This Court granted Trividia's motion to confirm the arbitration award.  Op. & Order, Dkt. 30 at 1, 8.  The Court then granted in part Trividia's motion for an entry of an order awarding attorneys' fees, costs, and interest pursuant to Federal Rule of Civil Procedure 54(d)(2).  Op. & Order, Dkt. 55 at 1, 7.  Nipro now moves for partial relief from the Court's order, requesting, pursuant to Federal Rule of Civil Procedure 60(b)(6), that the Court reconsider the portion of its opinion granting prejudgment interest calculated at the New York State statutory rate of 9% per annum and eliminate certain periods from the window of time during which prejudgment interest accrued.  *See* Not. of Mot., Dkt. 62; Resp. Mem., Dkt. 63 at 1.  Trividia opposes the motion.  *See generally* Pet. Opp., Dkt. 64.  For the reasons that follow, Nipro's motion is DENIED.

1

The movant bears the burden of proof on a motion for reconsideration.  *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016).  While a district court has "broad discretion" to determine whether to grant a motion for reconsideration, *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000), the standard for granting such a motion is "strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Courts in this District rarely grant motions for reconsideration, "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Id.*  A motion to reconsider will not be granted when a party seeks to relitigate "arguments already briefed, considered, and decided."  *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).  Although Rule 60(b) has a catch-all provision that allows for relief based on "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), "such relief should be granted only in extraordinary circumstances," *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).[1]

Nipro has not shown such extraordinary circumstances here.  Nipro argues that the Court should reconsider its prior decision and impose an interest rate of 0.13% per annum — the federal interest rate during the period when prejudgment interest accrued — or apply the interest rate chosen by the arbitration panel of 5.25%.  Resp. Mem. at 3.  Nipro also argues that the six-month delay stemming from service of Trividia's petition to confirm arbitration resulted from

---

[1]     Trividia suggests that Rule 59(e) might more properly have been invoked by Nipro given the substance of its argument.  Pet. Opp. at 2–3.  Rule 59(e) permits a party to file a motion to alter or amend a judgment and is essentially a mechanism for relitigating the original issue decided by the Court.  *Suber v. VVP Servs., LLC*, No. 20-CV-8177, 2022 WL 2078197, at *1 (S.D.N.Y. June 9, 2022) (citation omitted).  Rule 60(b) permits a party to seek relief from judgment where the party alleges mistake; newly discovered evidence; fraud; a void judgment; a satisfied judgment; or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)–(6).  It is not necessary for the Court to dwell on whether the motion should have been brought under Rule 59(e) as it is meritless regardless of the rule invoked.

Nipro exercising its right to request formal service, and, therefore, prejudgment interest should not accrue during that period. *Id.* Finally, Nipro argues that interest also should not accrue for the period of August 23, 2021, to February 8, 2022, during which time the parties were engaged in good-faith negotiations towards settlement. *Id.*

The Court considered the parties' arguments regarding the appropriate prejudgment interest rate in its prior opinion. Op. & Order, Dkt. 55 at 6–7. Neither the fact that the state statutory rate is higher than the federal interest rate nor the fact that the Court did not expressly address the arbitral panel's chosen interest rate rises to the level of an extraordinary circumstance justifying relief. To the extent that Nipro raises new arguments in its motion — including that the Court should adopt a middle-ground interest rate between the federal statutory rate and the New York State rate similar to the one adopted by the arbitral panel — Nipro had the opportunity to make that argument in its prior briefing on the underlying motion and chose not to do so. Nipro's arguments that delays due to service and negotiations between the parties should not count towards the period of interest accruing could also have been raised in its prior briefing but were not. Although Nipro argues that Trividia only accused it of delaying proceedings in its brief in reply to its motion for fees, Resp. Reply, Dkt. 65 at 4, delays in service were well-known to the Court and Nipro could have addressed the issue regardless of whether Trividia affirmatively raised it.[2] Nipro was certainly on notice before filing its response in opposition to

---

[2]    On the merits of Nipro's argument, it is worth noting that the exercise of one's rights sometimes creates corresponding obligations. Nipro is correct that it had every right to insist on formal service (of course, the mere fact that a right exists does not mean it has to be exercised). But its insistence on exercising that right created delays in Trividia's exercise of its right to obtain an enforceable judgment based on the arbitration award. Thus, Nipro's exercise of its right created a corresponding duty to compensate Trividia for the resulting delay.

Trividia's motion of the need to address allegations that its behavior dragged out this process and therefore merited the Court granting a higher interest rate.[3]

  For those reasons, Nipro's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to close the open motion at Docket 62.


**SO ORDERED.**

**Date:  July 21, 2022**            **VALERIE CAPRONI**
    **New York, NY**          **United States District Judge**

---

[3] The Court acknowledges that Nipro and Trividia's settlement talks were, according to Nipro, confidential. Resp. Reply, Dkt. 65 at 4–5.  But, by Nipro's own representation, those discussions concluded on February 8, 2022. Pet. Mem., at 3; Pet. Reply at 4–5.  Although the motion was fully briefed before that date, *see generally* Resp. Reply, Dkt. 37, the Court did not decide the motion until May 31, 2022, *see generally* Op. & Order, Dkt. 55, more than three months after settlement discussions concluded.  As a result, Nipro could have informed the Court of this development before the motion was decided.  Moreover, regardless of the timing of the settlement discussions, Nipro could have raised its argument that certain periods of delay should be excluded from the time-period during which prejudgment interest accrued in its briefing on the motion.